NO. 07-04-0523-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 28, 2005
_____

JEFFREY PAUL GUGENHEIM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 6544; HONORABLE LEE WATERS, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**

Appellant, Jeffery Paul Gugenheim, appeals his conviction for possession of anhydrous ammonia in an unapproved container with the intent to manufacture methamphetamine. Appellant was convicted and sentenced to four years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Background

In the early morning hours of August 24, 2002, a witness observed appellant in the bed of a pickup truck in the vicinity of a farm with a holding tank containing anhydrous ammonia. Considering the circumstances suspicious, the witness notified police, followed the truck into town, and gave the police directions to the location of the pickup.[1] When the police stopped the pickup truck they noticed an ammonia smell emanating from the bed, and, upon investigation, condensation on a bag containing a propane tank with greenish blue valves, and items commonly used during the production of illegal drugs such as salt, toluene, and stripped lithium batteries. Additionally, the officers found items such as walkie talkies, flashlights, and binoculars inside the cab of the truck that indicated the occupants were concerned with being able to keep a look out. Based on the presence of these components commonly found or used in the manufacture of methamphetamine, appellant was arrested for possession of anhydrous ammonia in an unapproved container with intent to manufacture methamphetamine. In order to preserve a sample from the propane tank as evidence,[2] an officer siphoned some of the contents of the tank into water, and sent the sample to the Texas Department of Public Safety for testing. The analysis

---

[1] The witness testified that appellant was initially in the bed of the truck, but that, at some point, appellant moved from the bed into the cab of the truck.

[2] At least two police officers testified that, because of the volatile chemicals, the standard operating procedure is not to store this type of evidence, but to contact a hazardous materials team for the destruction of the evidence.

of the sample produced negative results for the presence of ammonia.[3] Despite the negative test results, the State proceeded to trial.

At trial, the State introduced the officers' opinion testimony that the propane tank held anhydrous ammonia. Specifically, the officers identified the smell of ammonia, the discolored brass valve assembly on the propane tank, and the condensation near the tank, as indicators of anhydrous ammonia. The State also elicited testimony from an expert witness, Doug Tennant, explaining the possibility of anhydrous ammonia being present in the propane tank even though a sample taken from the tank produced negative results.

At the conclusion of the State's case in chief, appellant requested a directed verdict contending the State had failed to prove that appellant possessed anhydrous ammonia in an unapproved container and thus had failed to prove all the elements of the offense. The trial court denied appellant's request, and appellant was subsequently convicted and sentenced to four years incarceration in the Institutional Division of the Texas Department of Criminal Justice and fined $1,500.

Appellant presents two issues on appeal. Appellant contends that (1) the evidence is legally insufficient to support his conviction, and (2) the trial court erred in allowing Tennant to testify as to the negative test results and formulate an opinion based on facts not in evidence. We affirm.

---

[3] Actually, the Texas Department of Public Safety analyzed two samples. The first sample was tested for controlled substances, but not ammonia. The second sample was tested specifically for the presence of ammonia, but produced negative results.

Issue One: Legal Sufficiency

Appellant contends that the State did not produce sufficient evidence to establish the presence of anhydrous ammonia, and thus, failed to prove the offense as a matter of law. Specifically, appellant contends that the chemical analysis failed to confirm the presence of anhydrous ammonia.[4] The State counters that the officers' opinion testimony was sufficient to establish the presence of anhydrous ammonia, and sufficient evidence for the jury to find appellant guilty beyond a reasonable doubt.

In a challenge to the legal sufficiency of the evidence, the entire record evidence shall be considered in the light most favorable to the jury's verdict to determine if a rational jury could have found all the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Clewis v. State, 922 S.W.2d 126, 132 (Tex.Crim.App. 1996). A review of the evidence does not involve any weighing of favorable and non-favorable evidence; rather, all of the evidence is viewed in a light favorable to the verdict. See Cardenas v. State, 30 S.W.3d 384, 389 (Tex.Crim.App. 2000). When reviewing a case comprised wholly of circumstantial evidence, the standard of review is the same as it is for reviewing cases in which direct evidence exists. King v. State, 29 S.W.3d 556, 565 (Tex.Crim.App. 2000).

---

[4] A substance is presumed to be anhydrous ammonia if the substance is in a container or receptacle that is not designed and manufactured to lawfully hold or transport anhydrous ammonia and a laboratory test of a water solution of the substance produces a positive result for ammonia. See TEX. HEALTH & SAFETY CODE ANN. § 481.124(c) (Vernon 1992).

4

In this case, the evidence includes testimony (1) that appellant was in a vehicle near anhydrous ammonia tanks at 2 a.m., (2) that an accomplice was taking appellant to get some anhydrous ammonia, that he dropped appellant off with a propane tank near the anhydrous ammonia holding tank, and that their intent was to cook some methamphetamine, (3) of walkie talkies, flashlights, and binoculars used to keep a look out while siphoning the anhydrous ammonia from the farm holding tank, (4) of a strong smell of ammonia, (5) of icy condensation on a bag holding the propane tank indicating the presence of a compressed gas, (6) of discolored brass valves on the propane tank indicating that the valves came in contact with some ammonia or ammonia-containing products, (7) describing the function of anhydrous ammonia in the production of methamphetamine, and (8) describing the presence of other items in the truck cab such as stripped lithium batteries and toluene, used in the manufacture of methamphetamine. We conclude that the evidence when viewed in a light favorable to the verdict was sufficient to allow a rational jury to find that the State had proven the presence of anhydrous ammonia in an unapproved container beyond a reasonable doubt. We overrule appellant's first issue.

## Issue Two: Foundation of Expert Testimony

Next, appellant contends that the State's expert witness, Doug Tennant, should not have been allowed to develop his opinion as to the negative test results based on information not established at trial. The State counters, that an expert is allowed to base his opinion on assumed facts in accordance with the State's theory of the case. We review

5

a trial court's decision to admit expert testimony for abuse of discretion. See <u>Weatherred</u> <u>v. State</u>, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000).

Appellant's complaint is that the State impermissibly presented Tennant's testimony to refute the negative test results from the Texas Department of Public Safety. Appellant contends that Tennant's explanation that water or propane in the tank may have prevented a proper sampling of anhydrous ammonia was improper because no evidence was presented that the propane tank actually contained water or propane. However, a police officer did testify to hearing a sloshing noise in the tank, a fact that the jury could presume indicated a liquid in the tank. Thus, it was proper for the State to ask Tennant hypothetical questions assuming facts in accordance with its theory of the case as long as the assumed facts are supported by the record. See <u>Pyles v. State</u>, 755 S.W.2d 98, 118 (Tex.Crim.App. 1988); <u>Barefoot v. State</u>, 596 S.W.2d 875, 887-88 (Tex.Crim.App. 1980). If appellant desired to secure the expert's opinion upon a different set of facts he could have done so on cross-examination. <u>Barefoot</u>, 596 S.W.2d at 888. We overrule appellant's second issue.

## Conclusion

Having overruled appellant's issues, we affirm.

Mackey K. Hancock
Justice

Do not publish.

6